In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.

In re ALLOWANCE OF INTEREST ON PERSONAL INJURY CLAIMS.

No. Bky. 70–347.

United States District Court, E. D. Pennsylvania.

Oct. 4, 1977.

Reargument Denied Nov. 2, 1977.

Ivan Shomer, Philadelphia, Pa., for the Penn Central Trustees.

Peter Wilkinson, Bridgeport, Conn., for City Trust, Trustee of Harlem First Mortgage.

Spencer Ervin, Jr., Philadelphia, Pa., for New Haven Trustee.

·Emil Leepson, New York City, for Parkbilt Associates, Inc.

## MEMORANDUM AND ORDER NOS. 3171 AND 3172

FULLAM, District Judge.

Order No. 2921 authorized the Trustees to extend an offer to settle all outstanding prebankruptcy personal injury claims which were then liquidated in amount (or which thereafter became liquidated in amount during specified periods) by paying in full, in cash, the principal amount of such claims "exclusive of interest and penalties."

The petitioner, Stella Hand, Administratrix of the Estate of Arthur Hand, Deceased, filed suit in the state courts of New York to recover damages occasioned by the death of her decedent in 1965. The jury returned a verdict in the amount of $200,000, which was later, on appeal, reduced to $125,000. On January 12, 1971, judgment was entered on the verdict in the sum of $125,000, "together with the interest from the 22nd day of January, 1965, in the amount of $49,334 and costs."

In implementation of the settlement program contemplated by Order No. 2921, a member of the Trustees' staff initially calculated that the petitioner would be entitled to receive the sum of $169,924.85 pursuant to the compromise settlement (the verdict of $125,000, plus interest to the date the bankruptcy petition was filed). Thereafter, petitioner's counsel was advised that this calculation was in error, and that no interest, pre- or post-bankruptcy, would be honored. The Trustees therefore extended an offer to pay, pursuant to the compromise program, the total sum of $125,000. Petitioner now seeks an Order compelling the Trustees to include pre-petition interest, and to reinstate their offer of $169,924.85.

In my judgment, the principal amount of petitioner's claim "exclusive of interest and penalties" is the sum of $125,000. Petitioner may either accept cash payment of that sum in installments, pursuant to the compromise program, or pursue her full claim under the Plan. To rule otherwise would be to grant petitioner preferential treatment over other prebankruptcy personal injury claimants.

Similar issues have been raised by the petition filed by Florence LaRocco (Kohler) (Doc. No. 13953). Separate Orders will be entered in each case denying the petitions.

## ORDER NO. 3171

AND NOW, this 4th day of October, 1977, upon consideration of the Petition of Stella Hand to Compel the Trustees to Honor Pre-Bankruptcy Judgments As Having Been Liquidated (Petition) (Document No. 13708), the Trustees' Answer thereto, and on notice duly given in accordance with the Order of Notice, it is ORDERED:

1. The Petition is denied.

2. Petitioner, Stella Hand, is entitled by Order No. 2921 to payments not to exceed $125,000, which amount does not include interest accrued either prior to or after June 21, 1970. Such payment(s), if accept-

ed by the Petitioner, Stella Hand, shall be in full satisfaction of a judgment entered against the Trustees in the Courts of the State of New York on January 12, 1971 in the sum of $174,721.30.

## ORDER NO. 3172

AND NOW, this 4th day of October, 1977, upon consideration of the Petition of Florence LaRocco (Kohler) to Compel the Trustees to Honor Pre-Bankruptcy Judgment As Having Been Liquidated (Petition), Document No. 13953), the Trustees' Answer thereto, and on notice duly given in accordance with the Order of Notice, it is ORDERED:

1. The Petition is denied.

2. Petitioner, Florence LaRocco, is entitled by Order No. 2921 to payments not to exceed $115,000, which amount does not include interest accrued either prior to or after June 21, 1970. Such payment(s), if accepted by Petitioner, Florence LaRocco, shall be in full satisfaction of a judgment entered against the Trustees in the Courts of the State of New York on November 12, 1971 in the sum of $172,428.82.

## ON MOTION FOR REARGUMENT

Petitioner Florence LaRocco seeks reargument of the issues disposed of in Order No. 3172, concerning the exclusion of pre-bankruptcy interest on personal injury judgments which are to be settled in accordance with the compromise program made possible by the amicable settlement between the Trustees and the Federal Government.

Petitioner is undoubtedly correct that, as a matter of the law of the State of New York, she is entitled to interest on her judgment. And it is also safe to assume that, if her claim were to be disposed of in ordinary course through the Plan of Reorganization, the amount of her claim entitled to recognition in the Plan would include prebankruptcy interest on the judgment.

The compromise program made possible by the Government's deferrals of its high-priority claims has enabled the Trustees to offer to settle prebankruptcy personal injury claims in cash, rather than by distributions under the Plan of Reorganization to holders of unsecured prebankruptcy claims against the Debtor. The cash offer does not include prebankruptcy interest. If petitioner is dissatisfied with the cash arrangement, she is, of course, at liberty to insist upon being treated as a general unsecured creditor of the estate. The petition for reargument will be denied.

## ORDER NO. 3226

AND NOW, this 2nd day of November, 1977, upon consideration of the petition of Florence LaRocco for reargument of the issues disposed of in Order No. 3172, it is ORDERED that the petition for reargument is DENIED.